UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER KELLOM, et al.,

     Plaintiffs,

v.                                                            Case No.  6:26-cv-00178-PGB-NWH

CENTURION OF FLORIDA, LLC,
*et al.*,
     Defendants.
                           /

**ORDER**

Plaintiffs, with the assistance of counsel, initiated this action on January 23, 2026, by filing a civil rights Complaint (Doc. 1) against Defendants Centurion of Florida, LLC ("Centurion"), Dr. Lorenzo Miranda ("a dentist employed or contracted by Centurion"), Dr. Lopez ("a medical doctor employed or contracted by Centurion"), Nurse Rotisha James ("a licensed practical nurse ("LPN") employed or contracted by Centurion"), and "CL" ("a healthcare provider employed or contracted by Centurion"). (Doc. 1 at 3).

On June 11, 2026, the Court ordered Plaintiffs to show cause in writing why the case should not be dismissed as to Defendants Dr. Lopez and CL for Plaintiffs' failure to effect service of process on those Defendants. (Doc. 23). Plaintiffs respond to the order by detailing their comprehensive efforts to obtain from Centurion identifying information about and addresses for Defendants Dr. Lopez

and CL and a misunderstanding regarding opposing counsel's acceptance of service for only some (rather than all) Defendants. (Doc. 24 at 1–4). Plaintiffs request an additional month to effect service of process on Defendants Dr. Lopez and CL. (Doc. 24 at 9). They also move (Doc. 25), unopposed, for an extension of time to respond to Defendants' Motion to Dismiss (Doc. 22).

Rule 4(m) of the Federal Rules of Civil Procedure provides that,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Good cause requires the existence of some outside factor, . . . rather than inadvertence or negligence." *Moon v. Williams*, No. 25-10365, 2026 WL 513706, at *4 (11th Cir. Feb. 20, 2026) (quoting *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020)). Even "[a]bsent a showing of good cause, the district court . . . maintains discretion under Rule 4(m) to extend the time for service," and "the district court must . . . consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at *5 (quoting *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007)).

Given the described service-related discovery efforts and communication with opposing counsel, the Court finds Plaintiffs demonstrate good cause for their

failure to timely serve Defendants Dr. Lopez and CL. Even absent such showing of good cause, the Court notes Plaintiffs' concession that, if the Court were to dismiss the case against Defendants Dr. Lopez and CL without prejudice under Rule 4(m), the dismissal may, in effect, be one with prejudice given that, if refiled, the applicable statute of limitations would bar the refiled action. (Doc. 24 at 7).

Accordingly, it is **ORDERED** that:

1. Plaintiffs' obligations under the show cause order (Doc. 23) are **DISCHARGED**.

2. Plaintiffs' request for extension of time to effect service of process on Defendants Dr. Lopez and CL (Doc. 24 at 9) is **GRANTED**. Plaintiffs' deadline to serve Defendants Dr. Lopez and CL is extended **THIRTY DAYS** from the date of this order.

3. Plaintiffs' Unopposed motion for Extension of Time (Doc. 25) to respond to the Motion to Dismiss (Doc. 22) is **GRANTED** to the extent that the Response (Doc. 26) is accepted as timely-filed.

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record