**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HEATHER KELLOM,

      Plaintiff,

      v.

CENTURION OF FLORIDA LLC *et al.*,

      Defendants.

Case No. 6:26-cv-00178-PGB-NWH

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE**
**TO FILE AMENDED COMPLAINT**

Plaintiff, through her undersigned counsel, moves the Court to grant Plaintiff leave to file a First Amended Complaint. In so doing, Plaintiff further requests that the Court deem the existing Rule 12(b)(6) briefing (ECF 22 & 26), which is directed to the existing, operative, complaint (ECF 1), to be directed at the proposed First Amended Complaint instead. A copy of the proposed, First Amended Complaint is attached hereto as **Exhibit 1**.

The appearing defendants do not oppose the relief Plaintiff seeks in this motion. In support of her motion, Plaintiff states as follows:

1. The operative complaint in this case, ECF 1, names five defendants. At the time of filing Plaintiff knew the names of three of those defendants, but not the other two. As a result, the operative complaint identifies one defendant as "Dr. Lopez," by last name only, and another by a signature and the initials "C.L." *See* ECF 1, ¶¶ 7, 9.

1

2.      During the original Rule 4(m) period Plaintiff was able to obtain waivers of service from the three defendants whom she was able to identify by name, *see* ECF 14, 17, 18, but she did not serve "Dr. Lopez" and "C.L."

3.      The Court has extended the Rule 4(m) period for service, *see* ECF 27, and Plaintiff now has the full names of the remaining two defendants.  To serve process, however, Rule 4 requires that a summons "name . . . the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A)-(B). Because the operative complaint identifies "Dr. Lopez" and "C.L.," a summons naming those two defendants by their full legal names would not correspond to the "parties" identified in the operative complaint, ECF 1.

4.      The straightforward way to address this problem is to amend the complaint to include each defendant's correct legal name.  The proposed First Amended Complaint, Ex. 1, does that.  Other than correcting a scrivener's error,[1] the proposed First Amended Complaint does not alter the existing complaint.

5.      Amending the operative complaint carries one complication for the Court to address.  The appearing defendants have already filed, and the parties have already briefed, a Rule 12(b)(6) motion to dismiss.  *See* ECF 22 (defense motion); ECF 26 (plaintiff response).  Ordinarily, the filing of a new complaint moots a

---

[1]  Each count in the operative complaint has an incorporation sentence incorporating the complaint's allegations.  *See* ECF 1 ¶¶ 83, 87, 90, 93, 96, 99,106, 112, 116. At the time of filing the concluding paragraph number in was inadvertently omitted and left with a "__" space.  The proposed First Amended Complaint fills out the space with the correct paragraph number.

pending motion to dismiss.  The operation of that default rule here, however, would serve no practical purpose, since the proposed First Amended Complaint is functionally identical to the existing one.

6.    In such circumstances, courts retain discretion to avoid the unnecessary mooting of a complaint. Where an amendment does not alter the substance of the plaintiff's allegations, a court need not deny a pending motion to dismiss as moot but instead can treat it as directed to the amended pleading. *See, e.g.*, *Chubb Nat'l Ins. Co. v. McIver*, No. 1:18-CV-04525-ELR, 2019 WL 12875441, at *1 n.1 (N.D. Ga. May 7, 2019) (where, after the defendant moved to dismiss, the plaintiffs filed a consented-to amended complaint making only non-substantive changes, the court confirmed that the parties intended the pending motion to dismiss and the response to it to apply to the amended complaint rather than the original).  Plaintiff respectfully submits that this is the proper course of action for the Court to take here.

**WHEREFORE**, Plaintiff respectfully requests that the Court (1) grant Plaintiff leave to file a First Amended Complaint, attached hereto as Exhibit 1, and (2) treat the existing motion to dismiss briefing, ECF 22 & 26, as directed at the First Amended Complaint.

[SIGNATURE ON FOLLOWING PAGE]

3

Dated: August 5, 2026                                Respectfully submitted,


                                                     _/s/ Stephen H. Weil_

Natalie A. Jackson                                   Michael D. Cerasa
Ben Crump Law, PLLC                                  Florida Bar No. 0015085
121 S. Orange Ave.                                   Stephen H. Weil*
Orlando, FL 32801                                    Romanucci & Blandin LLC
407-749-9702                                         321 N. Clark Street, Suite 900
Email: natalie@bencrump.com                          Chicago, IL 60654
                                                     (312) 253-8592
                                                     sweil@rblaw.net

                                                     *Attorneys for Plaintiff*

                                                     * Admitted pro hac vice

4

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), counsel for Plaintiff certifies that on July 22 & 23, and August 4, the undersigned conferred with Rachel Eilers, counsel for Defendants, regarding the relief requested in this motion. Defendants do not oppose the motion and consent to having their pending Rule 12(b)(6) motion and briefing treated as directed to the First Amended Complaint.

*/s/ Stephen H. Weil*