**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Heather Kellom, individually, and
as Personal Representative of the
Estate of William Kellom, deceased,

Plaintiff,

v. **CASE NO.:** 6:26-cv-00178-ACC-NWH

CENTURION OF FLORIDA, LLC,
Lorenzo Miranda, Rotisha James, etc., et al.,

Defendants.
_________________________________________/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH SUPPORTING BRIEF**

Defendant, Pascasio Lopez-Padilla, M.D, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss Counts III(3) and VII(7) of Plaintiff's First Amended Complaint (Doc. 32) for the failure to state a claim upon which relief can be granted, and in support thereof states:

1. Decedent, William Kellom, was an inmate incarcerated within the Florida Department of Corrections at Central Florida Reception Center (CFRC).[1]

2. Heather Kellom, on behalf of William Kellom, filed this action on January 23, 2026. (Doc. 1).

---

[1] https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=H01264&TypeSearch=IR (last accessed 9/23/26).

3. Plaintiff filed a First Amended Complaint on August 31, 2026, correcting the names of Defendants Lopez-Padilla and Sommer for service. (Doc. 32).

4. Centurion of Florida, LLC, is an entity contracted with the Florida Department of Corrections ("FDC") to provide medical care and treatment to inmates at contractually specified institutions, including CFRC.

5. Plaintiff brings claims under 42 U.S.C. § 1983 for alleged violations of Mr. Kellom's Eighth Amendment rights for deliberate indifference against Defendants arising from his death on or around March 15, 2024. Plaintiff also brings state law claims for medical negligence and intentional infliction of emotional distress. (*Id.*)

6. Upon review, Plaintiff's Complaint, Counts III(3) and VII(7), are due to be dismissed for failing to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa Cnty.*, Fla., 21 F. 3d 1531, 1534 (11th Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual allegations, but it demands more than unadorned, conclusory accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain enough facts to make a claim for relief "plausible on its face." *Resnick v.*

*AvMed, Inc.*, 693 F. 3d 1317, 1324–25 (11th Cir. 2012). A claim is "plausible" when the plaintiff pleads factual content allowing the Court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing whether a "plausible" claim is alleged, the Court must accept as true all of the allegations. *Id*. But this tenet is "inapplicable to legal conclusions," which "must be supported by factual allegations." *Id.* Complaints must also give defendants "fair notice" of the relief sought and the grounds on which the claims rest. *Liebman v. Deutsche Bank Nat'l Trust Co.,* 462 F. App'x 876, 878 (11th Cir. 2012) (citing *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)).

## ARGUMENT

### I. Plaintiff Fails to State a § 1983 Claim Against Defendant.

The Supreme Court has held that prison officials violate the bar on cruel and unusual punishments only when they display "deliberate indifference to serious medical needs of prisoners." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence standard" in determining whether an official acted with deliberate indifference to that serious medical need. *See Hoffer v. Sec'y, Fla. Dep't of Corr.,* 973 F.3d 1263, 1270 (11th Cir. 2020) ("To establish deliberate indifference, a plaintiff must demonstrate that the prison officials (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3)

acted with more than gross negligence.") (internal quotations omitted)); *see also Wade v. McDade*, 2024 WL 3354963, at *2 (11th Cir. July 10, 2024).

Recently, however, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in *Farmer* and clarified that courts in this circuit should apply the "subjective recklessness standard" as used in criminal law. *See Id.* at *1; *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show first, that he suffered a deprivation that was, "objectively, 'sufficiently serious'" and second, that the defendant acted with "subjective recklessness as used in the criminal law." To demonstrate "recklessness as used in the criminal law" a plaintiff must show that the defendant was actually, subjectively aware that their own conduct caused a substantial risk of serious harm to the plaintiff and even if the defendant "actually knew of a substantial risk to inmate health or safety," they "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." *Farmer*, 511 U.S. at 834, 39, 44-45); *Wade,* 2024 WL 3354963, at *7.

Thus, "[a]s applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." *Swain v. Junior,* 961 F.3d 1276, 1285 (11th Cir. 2020). Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Davidson v. Cannon*, 474 U.S.

344, 348 (1986) ("As we held in *Daniels,* the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). The Eleventh Circuit has also noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." *Bismark v. Fisher*, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting *Waldrop*, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

To establish deliberate indifference, "the defendant must: (1) have subjective knowledge of a risk of serious harm; (2) disregard the risk; and (3) display conduct beyond mere negligence. *Shaw v. Allen*, 701 F. App'x 891, 893 (11th Cir. 2017) (citation omitted). "In other words, a plaintiff must demonstrate that the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and actually disregarded that risk." *Id.* (citation omitted).

Here, Plaintiff's allegations do not rise to a claim for deliberate indifference under the 11th Circuit's stringent standard. Completely absent from the First

Amended Complaint are any specific allegations that Defendant, Dr. Lopez-Padilla's, actions arise to the requisite subjective knowledge as to be considered "subjective recklessness as used in the criminal law." Accordingly, Plaintiff's allegations do not set forth an Eighth Amendment claim on the part of Defendant and must be dismissed.

**a. Plaintiff Fails to State Claim for Deliberate Indifference Against Defendant Lopez-Padilla.**

To begin, the actions of Defendant Dr. Lopez-Padilla do not rise to subjective recklessness as used in criminal law. To state a claim under the Eighth Amendment, "[e]ach individual Defendant must be judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F. 3d 1325, 1331 (11th Cir. 2008). Plaintiff fails to contend that Dr. Lopez-Padilla knew of a substantial risk of serious harm to Mr. Kellom, and specifically disregarded that risk.

In the First Amended Complaint, Dr. Lopez-Padilla is alleged to have seen Mr. Kellom on one occasion, on January 21, 2024, for an unrelated head laceration. (Doc. 32 at ¶¶ 44-45). Mr. Kellom's head injury was admittedly "not considered serious" and Dr. Lopez-Padilla noted "old blood present in mouth. Plaintiff states blood is from abscess on inside of jaw near lower molar." (*Id.* at ¶ 46). At the time of his evaluation, Mr. Kellom was actively taking antibiotics. Yet, Plaintiff contends Dr. Lopez-Padilla "took no steps to intervene and obtain emergent care for Mr. Kellom, or did she take additional steps to alert other medical personnel to Mr. Kellom's condition." (*Id.* at ¶ 48).

However, even accepting these allegations as true, they insinuate *at most* negligence, not deliberate indifference, as Plaintiff fails to allege "whether or how" Dr. Lopez-Padilla knew that Mr. Kellom required further assessment or care. *McCrimmon v. Centurion of Florida, LLC*, 2021 WL 424348 at *5, Case No. 3:20-cv-36-BJD-JRK, (M.D. Fla. Feb. 8, 2021)(dismissing counts against individual nurses where nursing defendants encountered the decedent one or more times and the allegations did not explain "whether or how they each knew" the decedent needed better or more care). Additionally, by Plaintiff's own admission, Mr. Kellom was already taking antibiotics for his abscess and was evaluated by Dr. Lopez-Padilla for an unrelated head laceration, not for any dental complaints. (Doc. 32 at ¶¶ 50-53). Moreover, at the time of Dr. Lopez-Padilla's evaluation, Mr. Kellom had a scheduled dental appointment for the following day. (*Id.*).

Thus, although Plaintiff's allegations contend that Dr. Lopez-Padilla was aware of Mr. Kellom's tooth abscess, there is no allegation that he was subjectively aware that the tooth abscess or any other condition of Mr. Kellom represented a medical emergency or that Mr. Kellom required emergency treatment. Moreover, Plaintiff cannot establish the "subjective knowledge" requirement by alleging that Defendant "*should* have known" about Mr. Kellom's need for more medical care based upon his undiagnosed condition. Rather, the precedent is clear that <u>actual knowledge</u> on the part of the individual defendant of a serious medical need is required. *See Farmer v. Brennan*, 511 U.S. 825, 860 (1994) ("Petitioner's suggested 'should have known' standard is nothing but a negligence standard.");

*see also Burnette v. Taylor*, 533 F. 3d 1325, 1331 (11th Cir. 2008) ("No liability arises under the Constitution for an official's failure to alleviate a significant risk that he *should* have perceived but did not . . . . As such, imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference."); *McCrimmon* 2021 WL 424348 at *5; *Clark v. Tucker*, 2014 WL 68646 at *4 (M.D. Fla. Jan. 8, 2014)(allegations the nurses did not adequately monitor decedent's condition and did not request another trained doctor to examine decedent, despite the fact that decedent was getting progressively sicker over the three days before his admission to the infirmary may establish the nurses' negligence, but they are insufficient to establish conduct that is more than gross negligence, even at the motion to dismiss stage.)

As such, Plaintiff's allegations do not support that Dr. Lopez-Padilla was actually subjectively aware that his own conduct caused a substantial risk of serious harm to Mr. Kellom. However, even if such allegations did demonstrate he "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." *Farmer*, 511 U.S. at 834, 39, 44-45); *Wade,* 2024 WL 3354963, at *7. By Plaintiff's own admissions, Dr. Lopez-Padilla responded reasonably to any risk to Mr. Kellom. Dr. Lopez-Padilla evaluated Mr. Kellom for his head laceration, which was admittedly not serious, and documented that he had old blood and was aware Mr. Kellom was already prescribed and taking antibiotics for his tooth abscess. There are no allegations that Dr. Lopez-Padilla

denied or delayed Mr. Kellom medical evaluation, but rather the allegations confirm he treated Mr. Kellom in line with his requisite medical skill and judgment. Even assuming Defendant failed to diagnose a more serious dental condition, which is denied, resulting in a delay in Mr. Kellom receiving emergency medical treatment, a "failure to alleviate a significant risk that [defendant] should have perceived but did not.... cannot... be condemned as the infliction of punishment'" *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)).

Indeed, "[i]t bears repeating that deliberate indifference is *not* a constitutionalized version of common-law negligence." *Swain*, 961 F.3d at 1288. To the contrary, we (echoing the Supreme Court) have been at pains to emphasize that "the deliberate indifference standard ... is far more onerous than normal tort-based standards of conduct sounding in negligence," *Goodman v. Kimbrough*, 718 F. 3d 1325, 1332 (11th Cir. 2013), and is in fact akin to "subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 839–40; *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."). Accepting Plaintiff's allegations as showing "a criminally (and thus constitutionally) reckless mental state, 'the deliberate indifference standard would be silently metamorphosed into a font of tort law—a brand of negligence redux—which the Supreme Court has made abundantly clear it is not.'" *Swain*, 961 F. 3d at 1288(citing *Goodman*, 718 F. 3d at 1334).

Thus, these allegations, being taken as true, demonstrate that Defendant Dr. Lopez-Padilla lacked the requisite subjective knowledge of Mr. Kellom's medical

condition in that he was not "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Shaw*, 701 F. App'x at 893. As Defendant was not subjectively aware of Mr. Kellom's undiagnosed dental infection, his actions do not arise to subjective knowledge equating to recklessness as used in criminal law. Again, Plaintiff's allegations insinuate negligence, but do not arise to indifference. *Rogers v. Evans,* 792 F. 2d 1052, 1058 (11th Cir. 1986); *Estelle,* 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Mandel v. Doe,* 888 F. 2d 783, 787-88 (11th Cir. 1989) (mere negligence or medical malpractice "not sufficient" to constitute deliberate indifference); *Waldrop v. Evans,* 871 F. 2d 1030, 1033 (11th Cir. 1989) (mere medical malpractice does not constitute deliberate indifference).

As Plaintiff fails to allege facts sufficient to evidence the "subjective knowledge" requirement that would "raise a right to relief above the speculative level," Count III(3) of the First Amended Complaint must be dismissed. *See Speaker v. U.S. Dept. of Health & Hum. Servs. Ctrs. for Disease Control & Prevention,* 623 F. 3d 1371, 1380 (11th Cir. 2010).

## II. Plaintiff's IIED Claims are Barred by The Florida Wrongful Death Statute.

Further, Plaintiff's state law claim for IIED is barred by the Florida Wrongful Death statute § 768.20. Indeed, Plaintiff has brought separate tort claims of negligence and IIED in addition to her wrongful death claim seeking recovery of

damages for the same factual allegations that resulted in the death of Mr. Kellom. However, Florida's wrongful death statute provides that "[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." Fla. Stat. § 768.20. Thus, there is ample case law providing that personal injury claims seeking recovery for pain and suffering, medical malpractice, battery, IIED, and negligence must be abated under Florida Statute § 768.20. *See*, *Swann v. Cook*, No. 3:23-cv-471-TJC-SJH, 2025 WL 2719083 at * 2-3 (M.D. Fla. Sept. 24, 2025)(IIED, assault, and battery); *Anderson v. Florida Memorial University Inc.*, No. 1: 21-cv-24014-DPG 2022 WL 19402479 at * 3 (S.D. Fla. Oct. 4, 2022)(holding Florida's wrongful death statute barred IIED claim that alleged severe mental deterioration and eventual suicide were a result of defendant's actions); *Hinson v. Warren*, NO. 17-14018-CIV-MARRA, 2017 WL 1319657, at *2 (S.D. Fla. Apr. 10, 2017) (holding that Florida's wrongful death statute barred claims of negligent hiring and retention because alleged negligent hiring an retention contributed to the death of decedent); *Cone v. Orosa*, No. 13–cv–24674–JLK, 2014 WL 1383028, at * 2-3 (S.D. Fla. Apr. 8, 2014) (battery and negligence); *Shehada v. Tavss*, 965 F. Supp. 2d 1358, 1378 (S.D. Fla. 2013) (battery); *Martin v. United Sec. Svcs., Inc.*, 314 So. 2d 765, 770 (Fla. 1975) (pain and suffering); *Salfi v. Columbia/JFK Med. Ctr. Ltd. Partnership*, 942 So. 2d 417, 420 (Fla. Dist. Ct. App. 2006) (pain and

suffering); *Taylor v. Orlando Clinic*, 555 So. 2d 876, 879 (Fla. Dist. Ct. App. 1989) (medical malpractice).

Plaintiff's claim for IIED arising from the death of Mr. Kellom is subsumed into her wrongful death claim, and therefore Plaintiff is barred from bringing separate causes of action for this claim. *Mucciolo v. Boca Raton Reg'l Hosp., Inc.*, 824 F. App'x 639, 643–44 (11th Cir. 2020) ("[A]ny personal injury claims alleging wrongdoing that ultimately resulted in the death of the decedent are extinguished upon death, leaving the statutory wrongful death claim as the only avenue for damages against the tortfeasor."). Accordingly, Count VII (7) must be dismissed.

**III. Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails and Should be Dismissed.**

However, even *if* Plaintiff were permitted to bring a separate IIED claim, she wholly fails to state a claim for IIED against Defendant Dr. Lopez-Padilla.

To state a claim for intentional infliction of emotional distress under Florida law, Plaintiff must allege that: "(1) the wrongdoer's conduct was intentional or reckless; that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Williams v. City of Minneola*, 619 So. 2d 983, 986 (Fla. 5th DCA 1993) (citation omitted). "Whether conduct is sufficiently 'outrageous' to state a claim for

[intentional infliction of emotional distress] is a question of law for the Court to decide." *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012) (citation omitted). "While there is no exhaustive or concrete list of what constitutes 'outrageous conduct,' Florida common law has evolved an extremely high standard." *Merrick v. Radisson Hotels Int'l, Inc.*, No. 06DV01591 T24TGW, 2007 WL 1576361, at *4 (M.D. Fla. May 30, 2007) (citing *Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499 (M.D. Fla. 1993); *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985). "[C]ourts uphold claims of intentional infliction of emotional distress only in 'extremely rare circumstances.' " *Triana v. Diaz*, 12-21309-CIV, 2014 WL 5319800, at *7 (S.D. Fla. Oct. 16, 2014). The Restatement (Second) of Torts describes the standard as follows:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has <u>not</u> been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Steinmetz v. Pickholtz*, 414 So.3d 309, 316 (Fla. 3d DCA 2025)(citing The Restatement (Second) of Torts § 46 cmt. d (Oct. 2024 ed.).

The factual allegations of Plaintiff's First Amended Complaint fail to establish that Dr. Lopez-Padilla's actions were so "outrageous and beyond all bounds of decency as to be regarded as odious and utterly intolerable in a civilized community" as to state a claim for IIED. Plaintiff's IIED claims against Defendant stems solely from one isolated medical evaluation of Mr. Kellom, wherein there are no allegations of "outrageous" conduct such that Defendant ever denied, delayed, or deliberately disregarded his care. *LeGrande v. Emmanuel,* 889 So. 2d 991, 994 (Fla. 3d DCA 2004)(confirming that a cause of action for intentional infliction of emotional distress requires allegations of outrageous conduct that goes so far beyond all bounds of decency as to be regarded as odious and utterly intolerable in a civilized community); *State Farm Mut. Auto. Ins. Co. v. Novotny,* 657 So. 2d 1210, 1212–1213 (Fla. 5th DCA 1995)("To be sufficient, the recitation of facts must arouse resentment in an average member of the community, and cause him to exclaim 'outrageous.' It is not enough that the intent is tortious or criminal; it is not enough that the defendant intended to inflict emotional distress; and it is not enough if the conduct was characterized by malice or aggravation which would entitle the plaintiff to punitive damages for another tort.").

Plaintiff's allegations against Dr. Lopez-Padilla do not meet the high standard that is required to show that Defendant's conduct was "beyond all bounds

of decency" or that Mr. Kellom suffered "severe distress" as required under Florida law and "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.'" *Baker v. Lightsey*, 2:11-CV-14290-KMM, 2012 WL 1574649, at *5 (S.D. Fla. May 3, 2012) (quoting *Frias v. Demings*, 823 F.Supp. 2d 1279, 1289 (M.D. Fla. 2011) (citing Restatement (Second) of Torts § 46, cmt. j. (1965)). Therefore, as Plaintiff is barred from bringing a separate IIED claim and additionally, fails to allege the requirements of a claim for IIED, Count VII (7) must be dismissed.

**IV. Plaintiff is Not Entitled to Punitive Damages**.

Finally, Plaintiff cursorily requests punitive damages for nearly all of her state and federal claims against Defendants. However, Plaintiff fails to set forth allegations entitling her to punitive damages as to her § 1983 claims, in that she has failed to set forth allegations that Defendant, Dr. Lopez-Padilla's conduct was motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of others. *Hooks v. Brewer*, 818 F. App'x 923, 931 (11th Cir. 2020) (quoting *Smith v. Wade*, 461 U.S. 30, 55, (1983)). As stated, none of the actions set forth in the First Amended Complaint rise to the level of being a constitutional violation and are not considered evil, reckless, or callously indifferent. As such, her claim for punitive damages as to her § 1983 claims fails.

Moreover, punitive damages are not legally cognizable as to Plaintiff's state law claims. *See*, § 768.28(5), Fla. Stat. ("The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same

extent as a private individual under like circumstances, but liability shall not include punitive damages…). Accordingly, her claim for punitive damages must also be dismissed.

## CONCLUSION

WHEREFORE, for the forgoing reasons, Defendant, Pascasio Lopez-Padilla, M.D, respectfully requests this Court enter an Order dismissing Plaintiff's First Amended Complaint with prejudice, together with any such further relief the Court deems just and proper.

## Local Rule 3.01(g) Certification

I HEREBY CERTIFY that counsel for Defendant has conferred with counsel for Plaintiff, who has advised that they oppose the requested relief herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **September 25, 2026**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide a notice of electronic filing to counsel of record.

/s/ *Rachel E. Eilers*

Ethen R. Shapiro (FBN 669881)
Rachel E. Eilers (FBN 1019587)
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
(813)221-3900
(813)221-2900 – facsimile
Ethen.Shapiro@hwhlaw.com
Rachel.Eilers@hwhlaw.com
*Attorneys for Defendant Centurion of Florida, LLC, Lorenzo Miranda, DO, Rotisha James, LPN, and Pascasio Lopez-Padilla, M.D.*